### STUYVESANT vs. DAVIS.

Where a landlord elects to proceed at law against his tenant to enforce a forfeiture of the lease for the non-performance of its conditions, he cannot, during the pendency of the suit at law against the tenant, have relief in equity against him as upon a subsisting tenancy.

The receipt of rent which accrued subsequent to the forfeiture of the lease is a waiver of the forfeiture, and will constitute a good defence to an ejectment suit brought against the lessee to enforce such forfeiture.

And it seems that if the landlord distrains for rent which accrued previous to the forfeiture, it is such an admission of a subsisting tenancy at the time of such distress as to prevent a recovery in an ejectment suit upon a demise laid previous to that time.

The landlord, after he has re-entered for a forfeiture of the lease, may recover the rent which accrued previous to such forfeiture, in an action of debt, or

an action upon the covenants in the lease. But for rent which became due subsequent to that time, he cannot recover as landlord; and his only remedy is to proceed for the mesne profits, against the lessee or other person who has held the possession of the premises adversely to his claim.

Although by the condition of a lease it is provided that if any of the covenants on the part of the tenant are broken the unexpired term shall cease and determine, if the lease also contains the clause that in case of the non-performance of such covenants the landlord may re-enter, the lease is voidable only, at the election of the landlord, but not void.

March 1.    THIS was an appeal from a decision of the vice chancellor of the first circuit refusing to dissolve an injunction, upon the matter of the bill only. The complainant in 1836 leased to the defendant, by separate leases, five lots in the city of New-York, for the term of twenty years, at a rent of $200 each for three of the lots, and of $100 each for the other two lots, payable semi-annually on the first of May and November. And the lessee covenanted to pay the rents reserved in the leases respectively, and all taxes and assessments, ordinary and extraordinary. The performance of these covenants was also made a condition of the estate granted to the tenant, by each of the leases; and the lessor was authorized to re-enter and become possessed of his former estate upon the failure of the lessee to perform the covenants. The bill alleged that the defendant took possession of the several lots, under the leases, and had underlet the same, or parts thereof, to various tenants and for different terms, and that the greater part thereof were then underlet to tenants who were in the occupation of the same at rents which, in the aggregate, exceeded $1200 per annum ; that there was rent in arrear and due to the complainant upon the original leases, to the amount of about $1725 ; and that, as the complainant was informed and believed, there was ño sufficient distress upon the premises to pay off and satisfy that rent. The complainant also stated in his bill that he had caused an eject-ment suit to be brought against the defendant, and his tenants, to recover possession of the premises, for the non-payment of the rent reserved in the leases, and also for the non-payment, by the defendant in this suit, of certain taxes and assessments which had been imposed upon the

lots, and for the non-payment of which the premises had been sold by the corporation ; that the defendant was insolvent and intended to collect the rents due and to grow due from his sub-tenants, and to defraud the complainant of his debt ; that the agent of the defendant had collected and had in his hands a large amount of rents received from such sub-tenants ; and that the complainant was apprehensive that before he could recover possession of the premises, by his ejectment suit, the defendant would collect his rents from his sub-tenants, or would distrain for the same or otherwise harrass them, so that they would leave the premises tenantless. He therefore prayed that the defendant or his sub-tenants or agent might be decreed to pay the complainant the rents due or to grow due from such sub-tenants, or then collected and in the hands of the agent ; that the defendant might be restrained from collecting, or receiving, and his agent and sub-tenants from paying to him any rents due or to become due ; and that the defendant might be restrained from injuring or molesting buildings, and from hiring out or exercising any control or ownership over the premises, or assigning, transferring or disposing of his title to the same.

*J. Rhoades*, for the appellant.

*S. M. Woodruff*, for the respondent.

THE CHANCELLOR.   If there was any equity in the complainant's bill in other respects, the allegation that there is no sufficient distress on the demised premises to pay the arrears of rent is not sworn to in such a manner as to authorize the issuing of an injunction.   This was a fact susceptible of positive proof, by resorting to the ordinary mode of testing it by an actual distress.   Again, it was not necessary that there should be sufficient to pay the whole rent due for the five lots.   For as the lots were leased separately, if there was a sufficient distress on either to pay the arrears of rent due on that particular lot, the

complainant had no right to re-enter, as to that lot, for non-payment of the rent due on the lease thereof. And as he does not state in his bill on which lots the rent remains unpaid, or on which of them there is no sufficient distress, he clearly was not entitled to an injunction in relation to either of the lots ; even if the non-payment of rent and the want of a sufficient distress was a sufficient ground for granting an injunction the effect of which is to turn the lessee out of possession of his property.

Again ; if the complainant elects to proceed at law to enforce the forfeiture of the lease, for the non-payment of the taxes and assessments, he cannot in the meantime treat the lessee as his tenant and righfully in possession of the premises, so as to obtain an equitable claim to the accruing rents by virtue of his lease. For by bringing an ejectment suit for the forfeiture, he has chosen to treat the lessee and his sub-tenants as trespassers, from that time. The claim to the accruing rents, therefore, is wholly inconsistent with his proceeding at law to enforce the forfeiture. Indeed, the receipt of any rent which had accrued after the breach of covenant upon which his ejectment suit is founded, would of itself be a waiver of the forfeiture and a good defence to that suit. (*Goodright* v. *Davids, Cowp. Rep.* 803. *Fox* v. *Swan, Styles' Rep.* 483.) And it seems, by a recent decision of Mr. Justice Patterson, that the act of the landlord, in distraining for the rent which accrued previous to the forfeiture, is such an admission of an existing tenancy at the time of such distress, as to prevent a recovery in an ejectment suit upon a demise laid in the declaration previous to that time. (*Doe ex dem. David* v. *Williams,* 7 *Car. & Payne's Rep.* 322. *See also Penant's case,* 3 *Coke's Rep.* 64, *b. note B. Thomas & Frazer's ed.*) The landlord may indeed, after his re-entry, recover in an action of debt, or in an action upon the covenants in the lease, for the rent which accrued and became due before the demise laid in the declaration in the ejectment suit. He cannot, however, recover as landlord for any rent due after that time, but must be left to his reme-

dy for mesne profits against the lessee or other person who has held the possession of the premises adversely to his claim. It does not distinctly appear in this case whether the lease was made absolutely void for the non-payment of taxes and assessments, or whether it was merely voidable. Although by the terms of a lease it is provided that if any of the covenants on the part of the tenant are broken the unexpired term shall cease and determine, if the lease also contains the clause that, in case of the non-performance of such covenants, the landlord *may re-enter*, as I infer from the statement in the bill was the case here, the lease is voidable only at the election of the landlord, but not void. And, in that case, this landlord may still waive the forfeiture and proceed for the recovery of the rent, and for the non-payment of the taxes and assessments. (*Amsby* v. *Woodward*, 6 *Barn. & Cress*. 519. *Dakin* v. *Cope*, 2 *Russ. Rep.* 174.) But while the landlord is proceeding in his ejectment suit to enforce the forfeiture, this court will not entertain a bill to give to him a remedy for the recovery of his rent, or his damages for the non-payment of the assessments ; which remedy is wholly inconsistent with that proceeding.

The injunction in this case ought never to have been granted. The order of the vice chancellor must therefore be reversed, and the injunction must be dissolved, with costs to be taxed.

Ordered accordingly.