No precise technical words are required in a deed to make a stipulation a condition precedent or subsequent; neither does it depend on the circumstance whether the clause is placed prior or posterior in the deed, so that it operates as a proviso or a covenant; for the same words have been construed to operate as either the one or the other, according to the nature of the transaction, and the intention of the parties. (4 Kent's Com. 124; 4 Cruise's Dig. tit. 32, ch. 25, § 10, and note 1;tit. 13, ch. 1, sec. 6, note 1, Greenl. ed.) The precedency of the conditions must depend on the order of time in which the intent of the transaction requires their performance. The rules for finding the intent of the parties are the same as those in regard to covenants. (1 Doug. 689, 691; 1 Saund. 320, note 4.) Where a condition annexed to an estate for years is broken, the estate ipso facto ceases as soon as the condition is broken without an entry. (4 Kent's Com. 128; CokeLit. 214, b; Cruise's Dig. tit. 8, ch. 1, sec. 22; tit. 13, ch. 2, Condition, sec. 45, Greenl. ed.; 3 Coke's Rep. 64, Pennant's case.) The only exception to this rule is where the lease provides expressly, that the landlord shall re-enter in case of a breach of the condition. (9 Paige, 431; 6 Bar. Cres. 519.) There the lease is not void, but voidable only at the election of the landlord. But in all cases where an estate for years is granted on condition, and the lease declares that the estate shall cease and determine on the breach of the condition, without any clause of re-entry or other qualification, the estate will ipso facto cease, as soon as the condition is broken. I think that the estate acquired by the plaintiffs under Gere and Brewster, was an estate on a condition precedent. They acquired no estate or interest whatever in any part of the lots set apart, until they erected manufactories of salt thereon. Before the erection of the manufactories, and until the expiration of the four years, they had *Page 81 
only a license to enter and occupy, for the purpose of erecting such manufactories. The license was merely for this and for no other purpose. At the expiration of the four years, the license ceased, as to all the lands then not actually occupied by manufactories of salt; and the commissioners of the land office were at liberty again to set apart such lands to any other person, for the erection of such manufactories. (2 Ed. Ch. Rep. 78; 7 Paige, 22.) Even if the interest of the plaintiffs during the four years was an estate for years, and it be conceded that the condition was subsequent, such estate ipso facto ceased on the breach of the condition, without an entry. In this view of the case, the plaintiffs have no title to the premises occupied by the defendants' railroad, and they were intruders thereon, when the defendants entered to construct their road.
If, after the expiration of the four years, the plaintiffs had an estate at will in the lands not occupied by manufactories of coarse salt, that estate was determined by the sale and conveyance of the state to the defendants. (1 Cruise's Dig.tit. 9, ch. 1, sec. 7, 12, 13, Greenl. ed.) Even where a party making a location on any part of the salt springs' reservation, erects his buildings for the manufacture of coarse salt, within the time prescribed by the statute, he acquires no legal interest or estate in the lands covered by his works, and has only an equitable interest in his erections. The defendants have shown a title derived from the state by letters patent. The plaintiffs being intruders have no right to question or assail it. When the defendants first entered to construct their railroad in November, 1847, the plaintiffs had no estate or interest, possessory or otherwise, in the premises in question, and the whole title was then in the state. The defendants afterwards and before the commencement of this suit, paid the appraised value of the premises to the state, and on the 5th October, 1848, received a conveyance therefor from the governor, founded on the resolution of the commissioners of the land office, directing that letters patent be issued to the defendants for said premises. The defendants were thus at the commencement of this suit in possession *Page 82 
of the premises, claiming a title under the state, the owner of the same, which title was afterwards perfected by letters patent, issued by the governor to the defendants. The validity of this title can only be questioned by the state in a direct proceeding to avoid it. (Code of 1851, sec. 433.)
I am of opinion that the judgment of the supreme court should be affirmed.
Judgment affirmed.