JOHN W. OWENS AND WIFE *v.* JOSIAH L. HICKMAN ET AL.

(No. 10,157.)

A petition to enforce the forfeiture of a lease, for non-payment of rent, and seeking to recover the rent due, is bad for misjoinder. The remedies are inconsistent and plaintiff must elect.

SPECIAL TERM.—On demurrer to petition.

The plaintiffs sought to recover the arrears of rent due upon the covenants in a lease; and asserting a forfeiture of the term, by the defendants, in consequence of the non-payment of rent, prayed that the plaintiffs may be restored to the possession. The lease was for five years, nearly two of which had already expired.

*Dodd & Huston,* for plaintiffs.

*R. M. Corwine,* for defendants.

STORER, J. The remedies sought are inconsistent with each other. The right to recover the rent depends upon contract; the right to be restored to the possession rests upon the ground that the defendant has no claim to the property; or in legal acceptation is a trespasser. Hence the claims can not stand together.

By the terms of the lease the rent is not made a lien upon the term leased; a simple forfeiture of the estate is made to depend upon the refusal to pay the rent reserved, at the time and place stated, after demand.

The payment of the rent after the right of forfeiture accrued, and the subsequent occupation by the tenant, would be a waiver of the right to forfeit; and the recovery of a judgment for the rent in arrear, might preclude the landlord from asserting a forfeiture, for the breach of a condition he had once assumed could be compensated for in damages. We know of no case, where such a remedy has been allowed, after action brought and a recovery had.

The result is very clear. In this form we can grant but one of the claims of the plaintiffs; we may give judgment for the rent due, dismissing the petition as to the right to recover the term; or we may restore the plaintiffs to the possession of their term, leaving them to pursue another remedy, for the recovery of the rent in arrear. This is the rule, as we find it settled in 9 Paige, 430, *Stuyvesant* v. *Davis*, and 20 Barbour, 467, *Underhill* v. *Saratoga & Wash. R. R. Co.*, and is entirely consistent with the law as we have always understood it to exist.

Demurrer sustained.