ABRAHAM B. CONGER et al., Respondents., *v.* SARAH M. DURYEE, Impleaded, etc., Appellant.

Where a right of re-entry is reserved in a lease, in case of failure of the lessee to perform a covenant on his part, an acceptance by the lessor of

rent accruing after a breach of the covenant, with knowledge on his part of such breach, is a waiver of the forfeiture and an affirmance of the lease.

Such affirmance is equivalent to a new lease with the same covenants, and a right of re-entry may not be based upon any prior breach; it can only arise in case of a new and positive breach of the covenant, accruing subsequent to its affirmance.

Where, therefore, a lessee covenanted to pay taxes assessed upon the premises during the term, and after default in payment the lessor, with knowledge thereof, accepted rent which subsequently accrued, *held*, that the covenant thereafter only operated from the time of such acceptance ; that as to the prior breach the lease stood as if no right of re-entry was reserved, and that an action to recover possession because of a breach could only be sustained by showing a failure to pay taxes assessed after such acceptance.

*Conger* v. *Duryee* (24 Hun, 617) reversed.

(Argued November 16, 1882 ; decided December 28, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made May 28, 1881, affirming a judgment in favor of plaintiffs, entered upon a verdict rendered by the direction of the court. (Reported below, 24 Hun, 617.)

This was an action to recover possession of premises demised by a lease made on the 1st of May, 1850, for a term which would expire May 1, 1878.

The action was begun September 12, 1877. The defendant, Duryea, who is in possession as assignee of the lessee, alone answered. The lease contained a covenant, on the part of the lessee and assigns, to pay all taxes and assessments assessed upon the demised premises during the term, and a right to re-enter was reserved in case of a breach. The complaint alleged a forfeiture under the covenant for non-payment of taxes. It was admitted by the defendant on the trial, that the taxes of 1875 and 1876 were unpaid at the time of the commencement of the action, and that on August 30, 1877, the plaintiffs paid the taxes of 1874, and the amount of those taxes has not been repaid to them. After the said taxes were known to be in arrear and unpaid, and about the 1st of May, 1877, the

plaintiffs received from the defendant rent for the premises which accrued after default in paying the taxes. No failure to pay taxes assessed after such acceptance of rent was shown.

*Carlisle Norwood, Jr.,* for appellant. On the expiration of the lease, May 1, 1878, the defendant had, by its express terms, a right to retain possession until paid for the buildings. (*Van Rensselaer's Heirs* v. *Penniman,* 6 Wend. 569, 582; *Halsman* v. *Abrams,* 2 Duer, 435.) When a tenant has forfeited his lease by a breach of the covenant for the payment of the rent, courts, both of law and equity, consider the clause of re-entry to be mainly inserted for the landlord's security, and will interfere in the tenant's behalf, although all the formalities of a common-law demand be complied with, upon his satisfying the rent due and making compensation for any damage which the landlord may have sustained in consequence of this omission. (Taylor's Landlord and Tenant [8th ed.], § 495; *Phillips* v. *Doolittle,* 8 Mod. Rep. 345; Story's Eq. Jur. [12th ed.], §§ 1312, 1313, 1314, 1315, 1316; *Wilson* v. *Jones et al.,* 1 Bush [Ky.], 173; *Giles* v. *Austin,* 62 N. Y. 486; *Davis* v. *West,* 12 Ves. 475; *O'Connor* v. *Spaight,* 1 Sup. Ct. 305; *Beasley* v. *Darcy,* 2 id. 403, note *a.*) In asking relief from forfeiture it was defendant's right to have so much of the value of the improvements as would satisfy the arrearages set off, and until this was done and payment made of any balance, or at least until the account was adjusted, to retain possession. (*O'Connor* v. *Spaight,* 1 Sup. Ct. 305; *Beasley* v. *Darcy,* 2 id. 403, note *a; Halsman* v. *Abrams,* 2 Duer, 435.) This right was available to the defendant as an equitable defense, because it was matter which might have been the foundation for an application for equitable relief by action or motion. (*Dobson* v. *Pearce,* 12 N. Y. 156–165–166; *Crary* v. *Goodman,* id. 266; *Phillips* v. *Gorham,* 17 id. 270; *Sheehan* v. *Hamilton,* 2 Keyes, 304; *Savage* v. *Allen,* 54 N. Y. 458; *Dambman* v. *Schulting,* 4 Hun, 31; 1 Van Santvoord's Eq. Pr. [2d ed.] 209; *Dederick* v. *Hoysradt,* 4 How. 350; *Hunt* v. *Farmers' L. & T. Co.,* 8 id. 416; *Foot* v.

*Sprague*, 12 How. Pr. 192; *Auburn City B'k* v. *Leonard*, 20 id. 193; *Hinman* v. *Judson*, 13 Barb. 629; *Burget* v. *Bissell*, 5 How. Pr. 192; *H., etc., R. R. Co.* v. *L. I. R. R. Co.*, 48 Barb. 355; *Cythe* v. *La Fountain*, 51 id. 186; Code of Proc., §§ 149, 150; Code of Civ. Proc., §§ 500, 507.) The facts constituting the defense, having occurred after the original answer, were available and were properly interposed by supplemental answer. (Code of Civ. Proc., § 544; *Holyoke* v. *Adams*, 59 N. Y. 233; *Bate* v. *Fellows*, 4 Bosw. 638; *Hoyt* v. *Sheldon*, 4 Abb. Pr. 59; *Radley* v. *Houghtaling*, 4 How. Pr. 251; *Stewart* v. *Isidore*, 5 Abb. Pr. [N. S.] 68.) Where a forfeiture (the estate not being expressly conditional) arises upon the exercise of a right of re-entry for a breach of covenant, a waiver does away with all breaches for which the right of re-entry had accrued at the time of the waiver. (Taylor's Landlord and Tenant, §§ 245, 246, note 1, 271; 1 Washb. on Real Prop. [3d ed.] 414; 2 Black. 299; *Croft* v. *Lumley*, 6 House of Lords Cases, 672, 705; *Clough* v. *L. & N. W. R. R. Co.*, Law Rep., 7 Exch. 35.) Any forfeiture which existed on May 1, 1877, was waived as to the taxes previously due, of which plaintiffs had full knowledge, and the continuity of the covenant applies only to new breaches and not to a former breach once waived. (*Ireland* v. *Nichols*, 46 N. Y. 413, 416; *Arnsley* v. *Woodward*, 6 B. & C. 519, 523, 524; Coke's Litt. 215.)

*James A. Seaman* for respondents. The covenant to pay taxes was a continuing covenant, and the receipt of rent worked no final waiver of it. (*Bleeker* v. *Smith*, 13 Wend. 530; *Fryett* v. *Jeffreys*, 1 Esp. N. P. 395; *Jackson* v. *Allen*, 3 Cow. 220, 230; *Doe* v. *Bliss*, 4 Taunt. 735; *Astor* v. *Hoyt*, 5 Wend. 603, 613–618; Taylor's Landlord and Tenant [6th ed.], § 500.) When the action was begun the right of action was perfect, and the plaintiffs were entitled to immediate possession. (*People's Bk.* v. *Mitchell*, 73 N. Y. 406.) The facts the defendant set up and desired to prove presented no bar to the plaintiffs' rights, and raised no issue. (*Garner* v. *Hannah*,

6 Duer, 262 ; *Carr* v. *Ellison,* 20 Wend. 178, 180.) The plaintiffs were under no obligation to state the nature of defendant's claims to the property. (Old Code, § 118; *Stiles* v. *Jackson,* 1 Wend. 316.) A demand for the payment of the rent, or the taxes, or for possession, was not necessary. (*Cruger* v. *McLaury,* 41 N. Y. 222; *Plumb* v. *Tubbs,* id. 450 ; *Hosford* v. *Ballard,* 39 id. 151 ; 3 R. S. [5th ed.] 829, § 1 ; id. 594, § 19.) No intention to waive could possibly be inferred from the payment of the taxes of 1874, by the ·plaintiffs. (*Trinity Church* v. *Higgins,* 48 N. Y. 532, 538.)

TRACY, J. The question to be determined in this case is whether the plaintiffs at the time of the commencement of this action had a right of re-entry under the lease, or whether that right had been waived by the acceptance of the rent falling due May 1, 1877, which accrued subsequent to the alleged forfeiture for the non-payment of the taxes. " Where a right of re-entry is reserved for breach of some condition therein, or for a failure by the lessee to keep and perform the covenants to be kept and performed by him, it is well settled that the lease is voidable only, and may be affirmed by the landlord notwithstanding the breach." (*Jackson* v. *Andrew,* 18 Johns. 431.) " If the landlord, with knowledge of the breach, accept payment of rent which accrued subsequent to the breach, he waives the forfeiture, and again consents to and establishes the tenancy, which it was competent for him to have avoided, and thereby precludes himself from taking advantage of the tenant's misconduct." (Taylor's Landlord and Tenant, § 497 ; *Clarke* v. *Cummings,* 5 Barb. 339 ; *Croft* v. *Lumley,* 4 El. & Bl. 608 ; *S. C.,* 5 id. 648 ; *Boggs* v. *Black,* 1 Binn. 333 ; *Goodright* v. *Davids,* 2 Cowper, 804; *Marsh* v. *Curteys,* Cro. Eliz. 528 ; *Harvey* v. *Oswald,* id. 553, 572.) In Taylor's Landlord and Tenant it is said : " If, however, the landlord after a forfeiture has been incurred proceeds to make a distress for rent previously due, he thereby affirms the possession of the tenant, and waives his right of re-entering, because he cannot distrain for rent unless the relation of landlord and tenant, and consequently the lease exists."

(*Zouch* v. *Willingale*, 1 H. Bl. 311 ; *Jackson* v. *Allen*, 3 Cow. 230.) " And if he brings an ejectment for the forfeiture, he can only recover rent due after the time of the demise laid in his declaration in the action for mean profits ; for by bringing an ejectment for the forfeiture he has chosen to treat the lessee and his subtenants as trespassers from that time, and the claim to accruing rent is wholly inconsistent with his proceeding at law to enforce a forfeiture." (Taylor's Landlord and Tenant, § 499.) Where a landlord elects to proceed at law against a tenant to enforce a forfeiture of the lease for non-performance of its conditions, or for a violation of a covenant, he cannot during the pendency of the suit at law against the tenant have relief in equity against him as upon a subsisting tenancy. (*Stuyvesant* v. *Davis*, 9 Paige, 427 ; *Linden* v. *Hepburn*, 3 Sandf. 668.) If the condition or covenant is single, imposing but a single obligation, it is wholly discharged by a single waiver after breach. (Taylor's Landlord and Tenant, § 287.) It has been held that where the covenant or condition imposes a single obligation, and must be taken wholly, if at all, the condition itself is discharged as much as by a license. (1 Smith's Lead. Cas. 20a ; *Lloyd* v. *Crispe*, 5 Taunt. 249 ; *McGlynn* v. *Moore*, 25 Cal. 384.)

A single condition dispensed with is dispensed with forever. Receiving rent after forfeiture waives the forfeiture and affirms the lease, freed from the condition. Thus, where the condition is that the tenant shall not assign the lease, and he does assign it, and the landlord with knowledge of the assignment accepts the rent, he affirms the lease without its condition, and the assignee of the tenant may assign. (*Murray* v. *Harway*, 56 N. Y. 337.) So, with the condition that the tenant shall not underlet, and he does underlet a portion of the premises, and the landlord with a knowledge of this fact receives rent, he affirms the lease with the condition modified to the extent that the tenant has underlet at the time of affirming the lease. (*Murray* v. *Harway, supra ; Lloyd* v. *Crispe, supra ; Collins* v. *Hasbrouck*, 56 N. Y. 157 ; 15 Am. Rep. 407.) But it is said that where there is a continuing cause of forfeiture, the landlord will not be precluded from taking ad-

vantage of it by receiving rent after the breach was originally committed. So, where the forfeiture was incurred by using two rooms in a house in a manner prohibited by the lease, such user was held to be a continuing breach and that the landlord might recover after receiving rent, provided the user continued after such receipt. (Taylor's Landl. and Ten., § 500 ; *Doe dem. Ambler* v. *Woodbridge,* 9 B. & C. 376.) And where there was a covenant on the part of the lessee that he would plant a certain number of apple trees upon a farm, and would replace those that should decay or get destroyed, so as always to keep up the given number during the term, there was a continuing covenant, and if the landlord should collect rent after he knew there was a breach of such a covenant, it would not waive the forfeiture, nor prevent the landlord from re-entering if subsequent to the payment of such rent there should still be a failure on the part of the tenant to perform his engagement. (*Bleecker* v. *Smith,* 13 Wend. 530.)

We think the phrase " a continuing cause of forfeiture," found in some of the reported cases, is not strictly accurate, and is misleading. Leases may contain continuing covenants and continuing conditions; that is to say, covenants and conditions which are to continue throughout the term, which being violated by the lessee at any time during the term, give to the landlord under the re-entry clause a right to terminate the lease. But any breach of the condition or covenant creating a forfeiture must consist of some specific act or omission, which act or omission is the cause of the forfeiture, and continues only until the landlord shall elect whether to affirm or disaffirm the lease. When committed by the lessee, if the lease gives the landlord the right to re-enter for such breach, he has a right of election. He may elect to terminate the lease because of the breach, or he may elect to affirm it notwithstanding the breach. If he elects to terminate it, the relation of landlord and tenant ceases. He is not entitled to claim or demand rent, for rent flows from the lease, and there is no lease. If he elects to affirm, the affirmance is equivalent to a new lease with the same continuing covenants and condi-

tions. No past breach can be used upon which to hinge a right of re-entry. Such right can again arise only in case of a new and positive breach of the covenants or conditions of the lease occurring subsequent to its affirmance.

In the case where the forfeiture was incurred by using two rooms in a house in a manner prohibited by the lease, the landlord having accepted rent and afterward bringing an action for a breach would be estopped from proving the default of the tenant prior to the acceptance of the rent, and would be compelled to rely exclusively upon the evidence of acts constituting a breach occurring subsequent to the acceptance of such rent. And so in the case of the agreement on the part of the lessee to plant and keep upon the farm a given number of apple trees during the term, the court say : " The lessee was bound during the continuance of his term to preserve the number of apple trees, and the lessor is at liberty at any time to enforce forfeiture when a default exists or accrues after the payment of rent. The acceptance of rent waives all forfeitures up to that time. The lessor cannot show any default of the lessee previous to the payment of the rent." So in the case of a breach of a covenant to repair, acceptance of rent estops the landlord from showing a failure to repair prior to such acceptance. But the covenant in the lease operates from the day of its renewal, and the landlord is at liberty to show that since such renewal there has been a failure to perform the covenant.

In none of these cases is it strictly accurate to say that there is a " continuing cause of forfeiture." The covenants continue, but the particular breach which is the cause of forfeiture does not. Applying this principle to the covenant in question it is apparent that the acceptance of the rent, with knowledge of the non-payment of the taxes, waived the forfeiture and affirmed the lease. The plaintiffs did not thereby release their claim against the lessee for the taxes, he is still liable in an action upon his covenant to pay; but they did waive their right to re-enter for such non-payment, and as to such breach the lease stands as it would have stood had it contained a covenant

to pay without the right to re-enter for non-payment. The covenant to pay taxes operates only from the affirmance of the lease. Reading the lease as from the date of its affirmance by the acceptance of rent, the covenant of the lessee is that he "will pay and discharge all the taxes, etc., which shall or may at any time or times within said term be laid upon the premises." There is no covenant to pay back taxes or back assessments.

For these reasons we think the plaintiffs are not entitled to maintain their action. As this leads to a reversal, it is unnecessary to consider the questions raised by the defendant's supplemental answer.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur, except EARL. J. dissenting.

Judgment reversed