## HUNTER *vs.* OSTERHOUDT.

Payments made by a tenant to his landlord on account of rent, generally, will, in the absence of any direction by the tenant and any agreement of the parties, be applied by the law on the rent due at the time, and not on the rent then accruing.

It is only where rent is paid which accrued after a forfeiture, that the acceptance of such payment is considered an affirmance of the lease, and a waiver of the forfeiture. The acceptance of rent which accrued prior to the right of entry is not a waiver of the forfeiture.

Where, upon the trial of a cause the only objections made by the defendant rest entirely on legal grounds, which are overruled by the judge, and the judge charges that the plaintiff has a right to recover, without any exception being taken to the charge, the defendant can not afterwards object that a question of fact should have been submitted to the jury.

THIS was an action of ejectment, tried before Hon. S. Barculo, late circuit judge, at the Sullivan circuit, in May, 1847. The farm in question was occupied by the defendant, and contained 100 acres of land. It had been leased by the plaintiff to the defendant in 1828, by a perpetual lease; the rent reserved being eighteen pence an acre, payable the 1st of June of every year, with a clause of re-entry if the rent should remain unpaid for four months. It was proved that the amount of rent due and unpaid, without interest, on the 1st of June, 1845, was $200,75. The time laid in the declaration was the tenth of June, 1846, and the declaration was served on the 14th of August, 1846. The plaintiff also proved personal service on the defendant of a notice requiring payment of the rent in fifteen days. The defendant proved two receipts, signed by the plaintiff's agent, one dated October 17, 1845, acknowledging the receipt from the defendant of $5,46 in road work " on account of rent for farm No. 231," the farm in question. The other receipt was dated 17th November, 1845, and was for $5,50, and also expressed to be " on account of rent for farm No. 231."

The defendant moved for a nonsuit which was refused, and the judge directed a verdict for the plaintiff. The defendant applied for a new trial, on a case agreed upon by the parties.

Hunter *v.* Osterhoudt.

*H. Hogeboom,* for the plaintiff.

*H. C. Van Vorst,* for the defendant.

*By the Court,* PARKER, J. Two points are made by the defendant. The first is, that the acceptance of rent in October and November, 1845, was a waiver of the forfeiture. The rent fell due annually, on the first day of June, and the lease reserved the right of re-entry if the rent was not paid in four months thereafter. The forfeiture did not therefore happen till the first day of October, and the last forfeiture that had occurred before this suit was commenced was on the first day of October, 1845. Subsequent to that day, and in October and November of the same year, two payments were made, " on account of rent" of the farm, as is stated in both of the receipts. It is important to ascertain whether these payments were to be applied on the rent then due, or on the rent of the then current year. No directions were given by the debtor, as to the application of the payments, nor was any agreement on the subject made by the parties, except generally, as above stated. The rule is that if the debtor does not direct the application, the creditor may apply the payment as he pleases. (*Mayor* v. *Patten,* 4 *Cranch,* 317. *Stone* v. *Seymour,* 15 *Wend.* 19. *Allen* v. *Pulver,* 3 *Denio,* 284.) If the creditor does not make the application, the law will apply it towards the extinguishment of the debt first due; (*United States* v. *Kirkpatrick,* 9 *Wheat.* 720. *Allen* v *Culver,* 3 *Denio,* 284. *Seymour* v. *Van Slyck,* 8 *Wend.* 403. *Webb* v. *Dickinson,* 11 *Id.* 62. *Huger* v. *Bocquet,* 1 *Bay,* 407 ;) and to interest in preference to principal; (*Fruzier* v. *Hyland,* 1 *Har. & John.* 98. *French* v. *Kennedy,* 1 *Barb. Sup. C. Rep.* 455 ;) and such application must be made on an indebtedness then existing. (*Baker* v. *Stackpoole,* 9 *Cowen,* 420. *Law's Ex'rs* v. *Sutherland,* 5 *Grattan's Va. Rep.* 357.)

It is plain, under these rules, that the payments thus generally made as the rent, will, in the absence of any direction of the defendant, and any agreement of the parties, be applied by the law on the rent then due, and not on the rent then accruing.

Hunter *v.* Osterhoudt.

That question being settled, the payments were no waiver of the forfeiture. It is only where rent is paid which accrued after the forfeiture that such payment is considered an affirmance of the lease and a waiver of the forfeiture. Payment of rent which accrued prior to the right of entry is not a waiver of the forfeiture. The reason for this distinction is obvious, and the distinction itself is well established (1 *Coke's Rep.* 64. 6 *Term Rep.* 220. *Woodfall's Land. and Ten.* 203, 496. *Cowper's Rep.* 243, 803. *Coke Litt.* 211, 215. *Cro. Eliz.* 3. 1 *Saund.* 237, *note* 16. *Adams on Eject.* 160. 2 *Term Rep.* 430. 4 *Taunt.* 735. *Jackson* v. *Allen,* 3 *Cowen,* 230. *Jackson* v. *Sheldon,* 5 *Id.* 448. *Bleecker* v. *Smith,* 13 *Wend.* 530. *Conway* v. *Starkweather,* 1 *Denio,* 114. *Smith* v. *Saratoga Co. Mu. Fire Ins. Co.,* 3 *Hill,* 508.)

The other point made by the defendant is that it should have been submitted to the jury to say whether the payments were a waiver of the forfeiture. It is a sufficient answer to this objection that no such ground was taken at the trial. The only objection made by the defendant rested entirely on legal grounds, which were overruled by the judge, on a motion for a nonsuit. The judge then charged that the plaintiff had established a right to recover. No exception was taken to the charge, nor was the judge requested to submit any question to the jury. Both parties evidently regarded the case as turning upon questions of law, and the defendant is not at liberty now to assume a different ground.

The motion for a new trial must be denied.

[ALBANY GENERAL TERM, May 5, 1851. *Harris, Watson* and *Parker,* Justices.]