JOHN E. ALEXANDER v. HENRY C. HODGES AND CHARLES C. HODGES.

*Lease—Waiver of conditions—Re-entry.*

A lease of wine and billiard-rooms provided for re-entry in case of non-performance of any of the covenants at any of the times mentioned for the performance thereof.    There were conditions against encumbering furniture or violating the law and ordinances relating to the business.    *Held* that as these conditions were continuous in their nature, any breach of them would be a breach at the time mentioned for their performance; and would be a cause of forfeiture.

Continuing conditions in a lease are not necessarily waived by receipt of rent after they have been violated; the lessor can exercise forbearance in furtherance of his own interests and those of the tenant.

A lease of a billiard-room provided that in case of the violation of conditions, the lessor might re-enter, have again, retain, re-possess, etc.    *Held* that absolute notice to quit and demand of possession, made at such a time and place that if complied with possession would be at once secured, was a sufficient re-entry.

Error to Wayne. Submitted Oct. 14. Decided Oct. 21.

PROCEEDINGS TO RECOVER POSSESSION of leased property under Comp. L., ch. 211. Defendant brings error.

. *Fraser & Gates* for plaintiff in error. Receipt of rent affirms the lease and waives a cause of forfeiture, Taylor's L. & T., § 497; *Deyoe v. Jamison*, 33 Mich., 94; *Doe v. Bliss*, 4 Taunt., 735; *Doe v. Bancks*, 4 B. & A., 401; *Jackson v. Allen*, 3 Cow., 220; *Bleecker v. Smith*, 13 Wend., 531; re-entry is necessary to entitle a lessor to possession even where a lease is void on breach of covenant, *Doe v. Bancks*, 4 B. & A., 401; *Rede v. Farr*, 6 .M. & S., 121; *Reid v. Parsons*, 2 Chitty, 247; *Bishop v. Trustees etc.*, 28 L. J., 215; *Canal Co. v. R. R. Co.*, 4 Gill. & John., 121; *Willard v. Henry*, 2 N. H., 120; *Spear v. Fuller*, 8 N. H., 174; *Jewett v. Berry*, 20 N. H., 36; *Bowen v. Bowen*, 18 Conn., 534; *Bowman v. Foot*, 29 Conn., 331; *Read v. Tuttle*, 35 Conn., 25; *Atkins v. Chilson*, 9 Met., 52; *Fifty Associates v. Howland*, 11 Met., 99; *Shattuck v. Lovejoy*, 8 Gray, 204; *Bemis v. Wilder*, 100 Mass., 446; *Rogers v. Snow*, 118 Mass., 118; especially where the lessee's rights are not to cease until "after re-entry made," *Fremont v. United States*, 17 How., 542; *Beach v. Nixon*, 9 N. Y., 35; *Garrett v. Scouten*, 3 Den., 334; *Walker v. Engler*, 30 Mo., 130; *Morris v. Hoyt*, 11 Mich., 9; *Converse v. Blumrich*, 14 Mich., 109; *Giddey v. Altman*, 27 Mich., 206.

*Maybury & Conely* for defendant in error. Breach of a covenant to keep leased property free from incumbrances is a continuing cause of forfeiture and is not waived by acceptance of rent, Taylor's L. & T. (5th ed.), § 500; *Doe v. Woodbridge*, 9 B. & C., 376; *Doe v. Gladwin*, 6 Q. B., 953; *Doe v. Jones*, 5 Exch., 498; *Doe v. Watt*, 1 Mann. & Ry., 694; *Doe v. Allen*, 3 Taunt., 78; *Bleecker v. Smith*, 13 Wend., 530.

CAMPBELL, C. J. Judgment was rendered against plaintiff in error on the trial of an appeal in summary proceedings under the Landlord and Tenant Act. The ground for these proceedings was his violation of the conditions of a lease, and the conditions broken, on which chief reli-

ance was placed, were conditions against encumbrances of furniture, and against violations of laws and ordinances relating to the business.

The premises leased were the billiard and wine rooms in the Brunswick Hotel, Detroit. The lease was on condition that all the property placed on the premises by the lessee "shall be kept absolutely free from all liens and encumbrances of every kind and nature." There was a further condition requiring him "to fully comply with all laws and ordinances relating to the business." The lease also provided that in case of the non-performance of any of the covenants made by the lessee "at any of the times mentioned for the performance thereof" it should be lawful for the lessors to "re-enter, and the same to have again, retain, re-possess" etc., "and from and after such re-entry made, this lease, and every part thereof, shall cease and be absolutely void, as it respects the covenants to be performed by the said parties of the first part."

There was clear evidence of the existence of a chattel mortgage on some of the furniture, and of violations of laws and ordinances concerning the conduct of the business. But it is claimed for the lessee that the lease contains no provision for termination on the breach of these particular conditions, and that no proper steps were taken to terminate it if they were grounds of forfeiture, and that there had been a waiver.

The only foundation for the first claim is that forfeiture was only allowed for the breach of conditions required to be performed at particular times.

We think this is a strained and unnatural interpretation. The lease required these particular conditions to be continuously performed, and a breach of them at any time would be a violation at the time mentioned for their performance. The conditions were important and such as the lessee could not violate without risk of injuring the reputation of the establishment. A seizure of goods or a breach of the laws against disorderly con-

duct would have a direct tendency to create a prejudice against the landlord's interests. It would be very singular if such conditions should be imposed and yet left to be violated with practical impunity. We think them clearly within the rule of forfeiture.

If the conditions were continuous there is no reason to hold them waived by receipt of rent for any given time. The desire of the landlord to avoid coming to extremities if the lessee would mend his ways cannot be regarded as a waiver, but was laudable and calculated to further the interests of both. Where there is such a continuous obligation there is nothing to prevent the exercise of forbearance until it ceases to be desirable.

It is claimed however that there was no such re-entry as the contract contemplates. Such an entry as is required by this lease cannot mean any more than a common law entry, and does not involve a successful ouster. A demand at such a time and place that if complied with possession would be at once secured is all that can possibly be needed. Such a demand appears here. Notice to quit was given not only conditionally but absolutely, and the lessee refused to give up the premises and notified the lessor their demand would be resisted. This was enough to show a clear assertion of right within the sense of the lease.

The judgment must be affirmed with costs.

The other Justices concurred.