[No. 924.   Decided July 26, 1893.]

MORTIMER M. CARRAHER et al., Respondents, v. JOHN R. BELL et al., Appellants.

LANDLORD AND TENANT — NON-PAYMENT OF RENT — FORFEITURE OF LEASE — WAIVER.

A lessor does not waive his right to claim the forfeiture of a lease for non-payment of rent by collecting rents subsequent to the notice to vacate and applying same to the payment of installments of rent which fell due prior to the one upon which forfeiture is claimed.

*Appeal from Superior Court, King County.*

*Michael Phillips*, and *Bausman, Kelleher & Emory*, for appellants.

*W. P. McElwain*, for respondents.

The opinion of the court was delivered by

SCOTT, J. — This is an action of forcible detainer, in which it is sought to obtain a judgment of forfeiture of the lease for non-payment of rent, a judgment for rent due, and for restitution of the demised premises.   The plaintiffs obtained the relief prayed for, and the defendants appealed.

A great many questions are discussed in the brief of appellants, only one of which was presented upon the oral argument of the cause, and, although the others were not expressly waived, we think the question urged at the hearing is the only one which merits attention, and this relates to an alleged waiver of the forfeiture claimed.

6—7 WASH.

The property leased is a certain lot in the city of Seattle. A part of it was leased at one time and the remainder at another, both leases to continue to June 13, 1904, unless terminated before then. The rent for the entire lot was $300 per month, and was payable in monthly installments. The leases provided for the erection of buildings upon the premises by the lessee, and provided for a re-entry in case any rent should remain due and unpaid for ten days. A building was erected by the lessee upon a part of said lot, and a suit was subsequently brought by the contractor to foreclose a lien thereon therefor. Said lien was foreclosed, and the suit terminated. The records of that proceeding are not here, with the exception of the following stipulation:

"It is hereby stipulated by and between the parties of this action that, if the lessors of Michael Phillips, Carraher and McElwain, drop their motion to set aside a certain stipulation wherein they agree to not serve notice on the tenants of Michael Phillips to quit during the pendency of the above action, that the receiver, James F. McElroy, appointed in the above action, shall be discharged; and that all rents and income from said property shall be collected by said Carraher and McElwain, and shall be applied to the ground rent due said Carraher and McElwain under the leases to Michael Phillips; said Carraher and McElwain agreeing to collect said rent without extra charge, and to account for the same when said suit is terminated."

Under this stipulation, rent was continually collected by the plaintiffs in this action of the various sub-tenants, and applied upon the amounts due them from the defendants first falling due. The amount so collected was much less than the rent due them from the defendants during said times. Numerous notices, demanding payment of the installments of rent subsequently falling due upon which no payments had been made, or a vacation of the premises, were served by the plaintiffs upon the defendants, and the defendants failing to comply therewith, this suit was in-

stituted.    At that time a large number of these install-ments were unpaid, and the sum due thereon, as found by the jury, amounted to $4,210.

It is contended by the appellants that the respondents, in consequence of continuing to collect rents under the stipulation after service of the notices to pay or vacate, waived their right to have the lease terminated for non-payment. It appears that the amounts so collected were applied upon prior installments, and we are of the opinion that the conduct of the plaintiffs in the premises did not operate as a waiver of their right to have the lease forfeited for a failure to pay the subsequent installments.    It is not evident that there was any intention to waive such right; in fact the contrary fairly appears.    The expense of having the rent from the sub-tenants collected by the receiver in the former suit amounted to a considerable sum, and to save this the respondents agreed to collect the same.    The rent fell due the respondents from the appellants in installments, and they were entitled to each installment as it fell due.    Each one was a separate, several and distinct claim, upon which a forfeiture could be founded for a failure to pay.    It would be an unjustifiable hardship upon a landlord to hold that he could not accept or collect payment of a prior installment without waiving his remedy of obtaining a restitution of the premises for a failure to pay subsequent ones, even if they were due at the time such payments were obtained.    To have the effect of a waiver, the payment must be upon the rent accruing after the forfeiture upon which the action is founded.    *Hunter v. Osterhoudt*, 11 Barb. 33; *Jackson v. Allen*, 3 Cow. 220; *Bleecker v. Smith*, 13 Wend. 530; *Richburg v. Bartley*, Busb. Law (N. C.), 418; *Alexander v. Hodges*, 41 Mich. 691 (3 N. W. Rep. 187).

Judgment affirmed.

Dunbar, C. J., and Anders, Stiles and Hoyt, JJ., concur.