CHARLES M. LONDON *vs.* DAVID E. TEBO.

DAVID E. TEBO *vs.* CHARLES M. LONDON.

Hampshire. Hampden. September 20, 1923. — October 9, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, PIERCE, & CARROLL, JJ.

*Landlord and Tenant*, Entry by landlord for breach of covenant, Waiver of breach. *Contract*, Performance and breach. *Equity Jurisdiction*, Specific performance.

While a single and completed breach of a covenant in a lease by the lessee, which otherwise would result in a forfeiture of his rights under the lease, may be waived by acceptance by the lessor of rent thereafter accruing, a continuous breach by the lessee of a covenant in the lease requiring him to "keep all and singular the said premises in such repair as the same are in at the commencement of this lease" is not waived by an acceptance of rent accruing during the continuance of the breach, and, notwithstanding such acceptance of rent, the lessor may enter and repossess himself of the estate by reason of such breach where the lease gives him a right of reëntry for breach by the lessee of any covenant in the lease.

After the lessor rightfully has entered into possession of real estate for breach by the lessee of a covenant in the lease, he cannot be required in a suit in equity for specific performance, upon tender of performance then for the first time made by the lessee, to carry out a provision in the lease that, upon certain stated terms, the lessor would sell the premises to the lessee "at any time during the continuance of this lease or any renewal thereof."

BILL IN EQUITY, filed in the Superior Court on July 5, 1921, and afterwards amended, for specific performance of the agreement of sale of real estate contained in a lease of it by the defendant to the plaintiff and described in the opinion. Also a

BILL IN EQUITY, filed in the Superior Court on February 16, 1921, for an injunction restraining the defendant, the plaintiff in the suit above described, from entering upon the real estate in question or in any way interfering with the full and exclusive possession thereof by the plaintiff, who as lessor had entered upon the premises for breach of covenants in the lease described in the opinion.

In both suits, the respective defendants filed demurrers. That in the suit first above described was heard by *Irwin*, J.,

and was overruled, and the defendant appealed. That in the second suit was heard by *Lawton*, J., and was overruled, and the defendant appealed.

Both suits then were referred to the same master, by whom by agreement of the parties they were heard together with cross actions at law between the parties, referred to him as an auditor. Material findings by the master are described in the opinion. Tebo filed objections to the master's report in both suits. No exceptions, perfecting the objections under Equity Rule 31, appear to have been filed.

The suits were heard by *Wait*, J., by whose order interlocutory decrees were entered confirming the master's report. Both suits then were reserved for determination by this court.

*W. D. Gray*, (*A. Blair* with him,) for Tebo.

*J. C. Hammond*, for London.

BRALEY, J. The respective demurrers not having been argued are to be treated as waived, and the rights and obligations of the parties depend on the terms of the original lease under which the lessee London entered into occupation and enjoyment of the demised premises. It provides that the lessee shall have the option to purchase the property from Tebo, the lessor and owner, " at any time during the continuance of this lease or any renewal thereof " upon payment of the purchase price, the amount of which and mode of payment are specifically stated. The master finds that the lessee gave notice of his exercise of the option, tendered performance, and demanded a deed, but the lessor refused the tender and declined to make the transfer.

The lessee ordinarily would have been entitled to specific performance. *Eastern Bridge & Structural Co.* v. *Worcester Auditorium Co.* 216 Mass. 426. The lessee however covenanted that he would not make any use of the premises which would increase the risk of fire, and that he would keep the dam in ample repair and make all repairs of every nature as well as " keep all and singular the said premises in such repair as the same are in at the commencement of this lease." It is found that, those covenants having been severally broken, the lessor prior to the notice of purchase and tender, and

while the default continued made an entry on the premises for the purpose of terminating the lease, and notified the lessee, and has since remained in possession.  The right of reëntry for breach is not confined by the lease to nonpayment of rent, but expressly embraces all the covenants to be observed by the lessee.  It would follow that, if the leasehold had been ended by the reëntry, the contract had expired, and the right to purchase fell with it.  *Peters* v. *Stone,* 193 Mass. 179.

The rent however was payable on " the first day of each calendar month in advance," and, the rent for the month when the lessor entered having been duly paid and accepted, as the master finds, the lessee contends that the breaches were thereby waived.  The general rule undoubtedly is that, if the landlord with knowledge of the lessee's nonperformance accepts rent accruing after the breach of a condition, he waives the right of forfeiture.  *O'Keefe* v. *Kennedy,* 3 Cush. 325, 328.  *Porter* v. *Merrill,* 124 Mass. 534.  *Nelson Theatre Co.* v. *Nelson,* 216 Mass. 30, 34.  The distinction between a failure to pay rent as required by the terms of a lease, caused by accident or mistake, and the facts appearing in the record is plain.  The ground on which in such cases equity grants relief is that a forfeiture is intended to secure payment, and, the measure of damages being certain, satisfaction of the rent with interest affords complete compensation.  *Atkins* v. *Chilson,* 11 Met. 112, 119, *Lundin* v. *Schoeffel,* 167 Mass. 465, 468.  *Finkovitch* v. *Cline,* 236 Mass. 196.  See *DeCordova* v. *Weeks, ante,* 100.  While the report states that after the payment there was no evidence of any specific act or omission, it is obvious on the findings that the breaches complained of were substantially continuous.  The waiver of a forfeiture by acceptance of rent applies to past breaches which are single and complete when the rent is accepted, and having been once waived the landlord's rights are lost.  But where as in the present case there are covenants to repair the premises which are constantly and unjustifiably broken until repairs are made, the payment and acceptance of accruing rent and nothing more does not estop the landlord from enforcing

the conditions of the lease.  *Doe* v. *Jackson,* 2 Stark. 293.
*Doe* v. *Bancks,* 4 B. & Ald. 401.    *Doe* v. *Gladwin,* 6 Q. B. 953.
*Bleecker* v. *Smith,* 13 Wend. 530.    *Granite Building Association*
v. *Greene,* 25 R. I. 48.    *Pendill* v. *Union Mining Co.* 64
Mich. 172.    *Gluck* v. *Elkan,* 36 Minn. 80.

The entry having been effectual, and the lessor having
complied with the agreement between the parties that before
further court proceedings were instituted by him he would
confer with the lessee " relative to the cause for such proceed-
ings and reasonable opportunity shall be given . . . for
adjusting or removing the cause " therefor, he can maintain
his bill to enjoin the lessee from repeated and forcible intru-
sions which interfere with the free use and enjoyment of
the property.  *Nelson Theatre Co.* v. *Nelson, supra.*

The result is, that in each case the order overruling the
demurrer is affirmed, and, the cases being before us on reser-
vation, a decree dismissing the bill as amended is to be
entered in the first case, but in the second case a decree
enjoining the defendant from any interference with the
plaintiff's possession is awarded.

<em>Ordered accordingly.</em>