CORNELIUS W. WRIGHT vs. ABE M. MICHELMAN.

Berkshire.    September 18, 1923. — October 10, 1923.

Present: RUGG, C.J., BRALEY, DeCOURCY, PIERCE, & CARROLL, JJ.

*Landlord and Tenant, Fixtures.    Fixtures.*

If bowling alleys, which were owned by the tenant of a building and were so affixed or adjusted to the building, to which their use had been constantly confined, as to become trade fixtures, are abandoned by the tenant and left on the premises at the close of his tenancy, they become the property of the landlord and he may maintain against a subsequent tenant, who removes them without his permission, an action of tort for damages resulting from such removal.

TORT for damages resulting from the alleged unlawful removal by the defendant of bowling alleys from property under lease by the plaintiff to the defendant. Writ dated May 24, 1922.

In the Superior Court, the action was tried before *Burns*, J. At the close of the evidence, the defendant asked for the following rulings:

" 1. Upon the evidence in this case the plaintiff is not entitled to recover.

" 2. There is no evidence that the plaintiff owned the bowling alleys.

" 3. There is no evidence that the defendant removed any property from the cellar of the store belonging to the plaintiff and the cellar of the store was in substantially the same condition after the removing of the bowling alleys that it was at the time the plaintiff first leased the premises in 1897 or 1898."

The judge made findings and rulings as follows:

" The bowling alleys were installed in the basement of the store premises sometime prior to 1900 by one Burdick who sublet from Griffen and Peck, the then tenants of the plaintiff, to whom Burdick afterwards sold. By successive transfers between tenants of the plaintiff the bowling alleys

became the property of Ferry Brothers in 1909. That same year Ferry Brothers vacated the premises without removing the bowling alleys and flooring adjacent thereto, and thereafter the defendant became a tenant of said premises under a written lease running to his father, I. Michelman; subsequently the successive leases ran directly to the defendant, the last lease being dated July 9, 1917 for five years from September 10, 1917. The bowling alleys had been installed in the premises for some years before defendant entered in 1909 and remained there until removed by him in February, 1922 as stated in plaintiff's declaration. They were never used as bowling alleys after 1909, defendant being in the clothing business, and served simply as part of the basement flooring. On or about February 26, 1922, the defendant removed the alleys and flooring adjacent thereto from the basement of said store and vacated the premises on or about March 1st, 1922, his lease having been terminated by mutual agreement February 1, 1922. In all his several leases no mention was made of bowling alleys.

" I find and rule as requested by the plaintiff in paragraph 1 of his requests for rulings viz: that the bowling alleys and flooring were abandoned by Ferry Brothers when they vacated in 1909, and therefore became part of the plaintiff's real estate; that the defendant had no right to remove same; that during defendant's occupancy said bowling alleys and flooring had been damaged by water (through no fault of defendant's); that through said damage, long disuse as bowling alleys, and the use they had been put to viz:— used as part of the basement flooring, their value as bowling alleys had greatly deteriorated. That to put the premises in the condition in which they were when defendant entered, allowing for reasonable wear and tear, and the use said bowling alleys and flooring were put to by defendant during his occupancy, said use being known to plaintiff and not objected to — in short, to put the premises in the condition in which the defendant was bound to leave them, would cost the plaintiff $1,300, and I assess the damages in that amount."

The defendant alleged exceptions.

*M. B. Warner*, for the defendant.

*G. A. Prediger*, for the plaintiff.

BRALEY, J. It is "well established by the cases, that things which the tenant has at his own expense affixed to the freehold for purposes of ornament or domestic convenience, or for purposes of trade, business or manufactures, may be removed by him before the expiration of his term." But the "right of removal depends upon the mode in which the thing to be removed is annexed to the freehold, and the effect which its removal would have upon the premises." *Hanrahan* v. *O'Reilly*, 102 Mass. 201, 203. *Collamore* v. *Gillis*, 149 Mass. 578, 581.

The bowling alleys in question, which were first installed by a tenant of the plaintiff in the basement or cellar of the demised premises, passed by arrangements between successive tenants until they apparently became the property of Ferry Brothers, who did not remove them at the termination of their tenancy. The defendant at the close of their tenancy at first came into occupation under a lease to his father, but subsequent leases were made directly to him, and after a period of many years and shortly before the expiration of his last lease he removed the alleys without the plaintiff's consent, and converted them to his own use. The evidence was in some respects conflicting, but the judge was warranted in finding that the alleys had been so affixed or adjusted to the building, to which their use had been constantly confined, as to become trade fixtures which could be seasonably removed by the outgoing tenant and owner. *Gaffield* v. *Hapgood*, 17 Pick. 192. *Bliss* v. *Whitney*, 9 Allen, 114. *Hanrahan* v. *O'Reilly*, 102 Mass. 201. *Guthrie* v. *Jones*, 108 Mass. 191. *Holbrook* v. *Chamberlin*, 116 Mass. 155. *Houle* v. *Abramson*, 210 Mass. 83, 85. *Natural Autoforce Ventilator Co.* v. *Winslow*, 251 Mass. 462. But the removal in the absence of any special agreement with the landlord must be exercised before the expiration of the term. *Bliss* v. *Whitney*, 9 Allen, 114, 115. *Noyes* v. *Gagnon*, 225 Mass. 580, 585. The defendant does not question but concedes the finding to be correct, that when Ferry Brothers vacated they abandoned the alleys, and, having done so, they retained no title

nor did the defendant acquire any as against the plaintiff, the owner of the freehold.    *Bliss* v. *Whitney, supra.    Talbot* v. *Whipple,* 14 Allen, 177, 181.    *Watriss* v. *First National Bank of Cambridge,* 124 Mass. 571, 575.    The plaintiff therefore was entitled to damages, the measure of which as assessed is not questioned; and, the defendant's requests having been denied rightly and, the rulings properly made, the exceptions should be overruled.

*So ordered.*