POULOS ET AL. v. TOLEDO LABOR BLDG. CO.

*Forcible entry and detainer—Jurisdiction of Toledo Municipal Court—Section 1579-286, General Code—Forfeiture of lease —Sale of cocaine in violation of law—Section 12672, General Code—Forfeiture not waived by accepting rental— Provisions forbidding unlawful acts, create covenant running with land.*

1. Under Section 1579-286, General Code, the municipal court of Toledo has original jurisdiction of proceeding in forcible entry and detention.
2. Where lease provided that no business should be permitted on premises conflicting with laws or ordinances or objectionable to owner, and provided for forfeiture for violations, since sale of cocaine thereon was in violation of Section 12672, General Code, landlord, if acting in good faith, had right to declare a forfeiture.
3. Landlord does not waive forfeiture of lease for breach of tenant's covenant not to permit unlawful or objectionable business by acceptance of rental.
4. Provision of lease forbidding acts to be done on premises by lessee which conflicted with or were contrary to laws or ordinances *held* to create a covenant running with the land.

(Decided March 16, 1926.)

ERROR: Court of Appeals for Lucas county.

*Messrs. Johnson, Johnson & Farber,* for plaintiffs in error.

*Messrs. Hackett & Lynch,* for defendant in error.

YOUNG, J. This action is the result of a proceeding in forcible entry and detention, brought by the defendant in error in the municipal court of the city of Toledo, Lucas county, Ohio, to dispossess

the plaintiffs in error of property described as the storerooms and basement located at Nos. 901-903 Jefferson avenue and Nos. 153-155 Michigan street in the city of Toledo.

The cause was tried to the court without a jury, and the court rendered a judgment in favor of the plaintiff below, finding the defendants guilty as charged in the complaint. A motion to set aside the judgment and for new trial was overruled, and a writ of restitution issued. This judgment was affirmed by the court of common pleas, and error is prosecuted to this court.

The chief grounds of error relied upon by plaintiffs in error are, first, that the municipal court had no jurisdiction in said proceedings; second, that the defendant in error, the Toledo Labor Building Company, had no right to declare a forfeiture; third, that, if a forfeiture existed, it was waived by receiving rent subsequent to the time that the forfeiture arose; and, fourth, that the covenant did not run with the land. It is contended by counsel for plaintiffs in error that this is an action in ejectment, and not one in forcible entry and detention.

On the question of the jurisdiction of the municipal court we cite Section 1579-286, General Code, which clothes that court with original jurisdiction in cases of this kind.

Plaintiffs in error were occupying these premises under a twenty-year lease. Provisions 10 and 11 of the lease, as set out in the brief of plaintiffs in error, are as follows:

"No. 10. No business will be permitted in leased premises that is unlawful or objectionable to other

tenants in the building, or to owner, who shall decide in all cases whether the business is objectionable or not."

"No. 11. No business shall be carried on nor any act or acts suffered, or permitted to be done on said premises, that in any manner conflicts with, or is contrary to, any law of the state of Ohio, or ordinance of the city of Toledo."

The lease contains a further provision for a forfeiture upon the violation of any of its terms or conditions; the action in the municipal court being based upon Section 12672, General Code, a part of which section reads as follows:

"Whoever sells, barters, furnishes or gives away, directly or indirectly, or has in his possession for the purpose of selling, bartering, furnishing or giving away, directly or indirectly, any quantity of cocaine, * * * shall be fined," etc.

It is contended by counsel for plaintiffs in error that the building company had not the right to declare a forfeiture, first, because the offense complained of was not perpetrated on the premises; and, second, because the forfeiture was declared, not upon the premises, but upon the conviction of plaintiffs in error. It will be noticed that the provisions of the lease are extremely broad as to the *power* of the lessor over the leased premises with reference to the unlawful use of same. It says that, if such use be *objectionable to the other tenants or the owner,* who shall decide in all cases whether the business is objectionable, or if the business or any act or acts shall in any manner be in conflict with or contrary to the laws of the state or ordinance of the city of Toledo.

The testimony bears out the contention of defendant in error that a sale was made on the leased premises, and was therefore a violation of Section 12672 of the General Code. If, therefore, the lessor, to whom the information comes, acts in good faith, he shall have the right to declare forfeiture. We cite the case of *Nassr* v. *Upton,* 4 Ohio App., 202.

A further contention of plaintiffs in error is that, if there was a forfeiture, it was waived by acceptance of rental. We cannot agree with this contention. *Nassr* v. *Upton, supra.*

As to the fourth error assigned, there is no question but what the original lessor, under the terms of the lease with plaintiffs in error, intended to create a covenant forbidding any act or acts done or suffered to be done on the premises by the lessees which in any manner conflicted with or was contrary to the law of the state. We think the covenant is expressed and incorporated by the language used in provision 11 above cited, and that thereby there was created a covenant running with the land.

We have examined and considered all the other alleged errors complained of, and find none prejudicial to the rights of the plaintiffs in error.

*Judgment affirmed.*

RICHARDS and WILLIAMS, JJ., concur.