FELGER ET AL. *v.* THOMPSON ET AL.

(Decided February 16, 1928.)

*Mr. Kenneth Little,* for plaintiffs.
*Mr. Francis M. Thompson,* for defendants.

KUNKLE, J.   This is an action to restrain the defendants from enforcing a judgment obtained in the municipal court of the city of Columbus.

The defendant Francis M. Thompson brought suit in forcible detention in said municipal court against the plaintiffs herein, and secured a judgment to dispossess the plaintiffs from the real estate in question.   The plaintiffs seek to enjoin the enforcement of such judgment.

A temporary restraining order, as prayed for in the petition of plaintiffs, was issued in this court. The case later came on for hearing in this court upon the following motion of defendant Thompson:

"Motion to Dissolve Restraining Order.

"Defendants ask that the restraining order heretofore entered by this court be dissolved, and that the petition herein be dismissed, for the reason that said petition does not state facts which show a cause

of action, and that the court make such other and further orders as may be just."

This motion was submitted upon an agreed statement of facts and the briefs of counsel.

In brief, it appears from such agreed statement of facts that the parties entered into a contract for the purchase of certain real estate, by which contract the plaintiffs agreed to purchase from the defendant Thompson the real estate in question for the sum of $6,500; that plaintiffs are in possession of said real estate, and have paid thereon the sum of $1,780, plus the cost of certain improvements; that, after they entered into possession of said premises, plaintiffs claim, they discovered that the premises were defective in certain respects; and that the defendant Thompson failed to correct such defects, after being requested so to do, whereupon plaintiffs discontinued making the payments specified in the contract.

The plaintiffs claim that the municipal court had no jurisdiction to render the judgment in question; that the municipal court was limited to such jurisdiction as might be exercised by a justice of the peace in a case of this nature.

Section 10232, General Code, provides that justices shall not have cognizance (6) of any action "in which the title to real estate is sought to be recovered, or may be drawn in question, except in the cases provided for in the next preceding section."

Section 1558-51, General Code, provides that:

"The municipal court shall have and exercise original jurisdiction within the limits of the city of Columbus as follows: (1) In all actions and proceed-

ings of which justices of the peace have or may be given jurisdiction. * * * (8) All actions in forcible entry and detention, of real property.''

The contract in question contained, among other things, the following provision in reference to forfeiture, namely:

''On default in the payment of one of the above installments of the purchase money for a period of sixty (60) days after it becomes due, first party reserves the right to declare this contract null and void without notice thereof to second party and without demand of payment on him, and in such event, first party may reenter and repossess the above described premises and be seized thereof as of his first and former estate, and all payments made hereunder by second party, shall be retained by first party for rent for said premises, and as liquidated damages for the breach of this contract, and on the breach of any condition of this contract by second party, he shall immediately surrender said premises and shall deliver possession thereof, and he shall become a tenant at will of said premises at the option of first party and shall vacate said premises without legal proceedings and without cost to first party.''

The above state of facts presents for determination the question whether the municipal court of the city of Columbus in an action for forceable detention can enforce the forfeiture clause in a contract for the sale of real estate.

Plaintiffs merely seek by their petition, which was filed in the court of common pleas and appealed to this court from the judgment of the court of common pleas, to enjoin the enforcement of the judgment of

the municipal court in the forcible entry and detention case.

This is not an action to review the correctness of the judgment of the municipal court in such forcible entry and detention case, but, as above stated, is an original action brought to enjoin the enforcement of the judgment of the municipal court. We do not have before us the record as to what transpired in the municipal court upon the hearing of this case.

The correctness of the judgment of the municipal court in such forcible entry and detention case could have been tested by a writ of error. See reasoning in case of *Poulos* v. *Toledo Labor Building Co.,* 22 Ohio App., 426, 154 N. E., 57, and in case of *Rocca* v. *Rosenstiel,* 20 Ohio App., 367, 152 N. E., 677.

The case might be disposed of by holding that, under the facts disclosed by the agreed statement of facts, namely, the absence of any substantial equitable grounds, the plaintiffs' remedy was to prosecute error from the judgment of the municipal court.

We have been requested, however, by counsel to express an opinion, for the guidance of the municipal court, as to the jurisdiction of such municipal court where a forfeiture of the kind described herein is involved. The question thus presented is whether the judgment of the municipal court is absolutely void under the circumstances disclosed by the record. We have been referred to the case of *Hughes* v. *Kline,* 16 N. P. (N. S.), 493, in which case it is held that a magistrate has jurisdiction where there is a forfeiture clause contained in the real estate contract.

Counsel for plaintiffs rely largely upon the decision of our Supreme Court in the case of *Crafts*

v. *Prior,* 51 Ohio St., 21, 36 N. E., 1070. In regard to this last-mentioned case, we think it sufficient to state that there was no forfeiture involved in that case in so far as the decision discloses.

From a consideration of all of the authorities cited, of the sections of the Code involved, and of the facts disclosed by the record in this case, we are of opinion that the municipal court had jurisdiction in the forcible entry and detention suit to render the judgment which it did render, for the reason that there was an express provision for forfeiture contained in the contract, which provision was sufficient to sustain the jurisdiction of the municipal court.

It would therefore follow that the temporary injunction should be dissolved, and the petition dismissed.

*Decree accordingly.*

FERNEDING and ALLREAD, JJ., concur.