## Sherrill v. Harlan Theater Co., Inc.

(Decided Nov. 2, 1934.)

E. H. JOHNSON for appellant.
J. C. BAKER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

The Harlan Theater Company leased to appellant, R. W. Sherrill, a building equipped and operated as a theater, known as the New Harlan Theater, for a term of five years beginning July 1, 1933. The lessee agreed to pay a rental of $50 per month for the first six months of the term, $150 per month for the first six months of 1934, $200 per month for the remaining six months of 1934, and $250 per month for the remainder of the term. He also agreed to expend immediately the sum necessary to decorate the auditorium, install aisle lights, add cushion bottoms to at least 350 seats, install necessary wiring and stage scenery, and construct a partition in rear of auditorium. The cost of all additions and alterations was to be agreed upon by the parties and was not to exceed $1,000. The lessee was to be reimbursed by the lessor for the sum so expended less $300 in monthly installments of $25 each deductible from rent beginning July 1, 1935. It was agreed that $300 should be retained by the lessor until the expiration of the lease, when it was to be refunded to the lessee provided he had fulfilled the terms of the lease. The lessee covenanted to pay the monthly rentals in advance not

later than the 15th day of each month and to show first-run pictures only, unless otherwise agreed upon by the parties. The lease contained other covenants to be performed by the lessee, not necessary to mention, followed by this clause:

"Upon nonpayment of any of said rents on or before the date indicated herein and at the expiration of 10 days from a demand for payment, made on or after said date, or the breach of any other agreement herein, the lessor, at its option, may declare this lease forfeited and enter and repossess the premises."

The lessor conceived that the lessee had failed to comply with the terms of the lease and on December 13, 1933, through its attorney, delivered to him the following notice:

"You are hereby notified to, and demand is hereby made, that you comply with the terms of the lease contract dated the 19th day of June, 1933, for the New Harlan Theater in that demand is hereby made that you complete decorating the said theater auditorium, that you install all the aisle lights, that you add cushion bottoms to at least 350 seats, that you install the necessary stage scenery, that invoices of money expended be furnished forthwith, and that all of same be done within 10 days; otherwise we shall declare the lease contract null and void."

On December 29, 1933, R. W. Sherrill filed this action in the Harlan circuit court against the Harlan Theater Company to enjoin it from taking, or attempting to take, possession of the property and for a declaration of the rights of the parties. In his petition he set out in substance the terms of the lease and alleged that he had complied therewith and was able and willing to comply with the conditions of the lease in the future. The defendant answered traversing the allegations of the petition and pleaded affirmatively that in addition to the violations of the lease contract set out in the notice demanding a surrender of the leased premises, the plaintiff had breached the contract, in that he had failed and refused to show first-run pictures only in the theater, but had been and still was showing second-run pictures without the consent of the defendant, and that he had further breached the contract, in that he had failed

to take proper care of the furniture and fixtures and other property on the leased premises and had permitted the premises to become in an unsanitary condition and had permitted certain fixtures to be damaged, which defendant had been compelled to repair at a cost of approximately $200. The defendant asked that the temporary restraining order theretofore issued be dissolved, that the lease contract be canceled, and that an order be entered restoring to it possession of the leased premises.

The plaintiff filed a reply the first paragraph of which was a traverse of the affirmative allegations of the answer. In the second paragraph he admitted that he did show a few second-run pictures over a period of several months, but that this was done with the knowledge and consent of the defendant and that the defendant, with such knowledge, accepted payment of the rent. After the case was called for trial, the defendant filed an amended answer, in which it alleged that before the filing of the petition in the circuit court it had instituted a forcible detainer proceeding before the county judge asking possession of the leased premises on the ground that the lease had been forfeited and asked that this action be abated. A demurrer to the answer and plea in abatement was filed, but no ruling thereon was made and the amended answer seems to have been ignored thereafter by the court and the parties.

The record does not disclose what disposition was made of the forcible detainer proceeding or whether it was still pending when this action was tried. All issues raised in this action could have been determined in a forcible detainer proceeding, and if it had clearly appeared that that proceeding was still pending the plea in abatement should have been sustained; but since the amended answer did not clearly manifest the status of the forcible detainer proceeding and since no point is made of the court's failure to rule on the demurrer to the amended answer, we shall treat it as waived.

Proof was heard, and the circuit court adjudged that the plaintiff had failed to comply with the terms of the lease contract and forfeited the lease and further adjudged that the defendant was entitled to the possession of the property. The evidence heard by the circuit judge has not been brought to this court by a bill of exceptions and all that we have before us are the plead-

ings. In the absence of the evidence it must be assumed that it was sufficient to sustain the judgment. The evidence not being before us, the only question on this appeal is whether the pleadings support the judgment.

The action involves no controversy over the construction of the contract in question, but the sole issue presented by the pleadings is whether or not there has been such a breach of contract by the lessee as to authorize a forfeiture of the lease by the lessor. The action purports to be one under the Declaratory Judgment Act, Civil Code of Practice, sec. 639a-1 et seq., but it is doubtful whether, under the circumstances, it presents a proper case for the declaration of the rights of the parties. However, the parties, apparently in good faith, have acted upon the theory that an action under the Declaratory Judgment Act is the correct method of procedure, and in view of the discretion vested in the court by section 639a-6 of the Civil Code of Practice we have concluded to waive that question.

It is argued for the appellant that the pleadings show that rent was regularly paid and accepted and that acceptance of rent waives grounds of forfeiture. It is also said in appellant's brief that the denials in the answer are in the conjunctive and therefore insufficient to constitute a complete traverse of the allegations of the petition, and further that the answer is not styled "Answer and Counterclaim" and that relief on the affirmative matter in the answer should not have been granted, since the words "and counterclaim" were omitted from the caption of the pleading.

Taking up these contentions in reverse order, section 97, subsec. 4, of the Civil Code of Practice, provides that a defendant shall not have judgment upon a counterclaim unless the caption of the answer contains the words "Answer and Counterclaim." It has been held in a long line of cases that if no issue is joined on the affirmative matters appearing in the answer a default judgment cannot be entered where the words "and counterclaim" do not appear in the caption of the answer, but if the answer is controverted by a reply and issue is joined, the plaintiff waives the right to object to the pleading. Preston v. Preston's Adminstratrix, 245 Ky. 552, 53 S. W. (2d) 957; Ichenhauser Company v. Landrum's Assignee, 153 Ky. 316, 155 S. W. 738; Lancaster v. Cambron, 158 Ky. 396, 165 S. W. 416;

Cherry v. Cherry, 162 Ky. 245, 172 S. W. 505. In the Preston Case it was held that although no reply is filed, if the parties treat the averments of the answer as constituting a counterclaim and issue is joined and proof taken thereon, the defect in the answer will be waived. In the instant case a reply was filed traversing the affirmative allegations of the answer and proof was heard on the issue thus formed. We have carefully inspected the pleadings and find that all material denials in the answer are in the disjunctive and not the conjunctive.

In support of his remaining contention appellant cites a number of cases holding that acceptance of rent by the lessor is a waiver of the right to declare a forfeiture. This is true, of course, where the default was the failure to pay rent at the time and in the manner specified in the lease, but it is not the rule where the default is a continuing one such as the failure to make repairs, the commission of waste, or the maintaining of a nuisance. Cleve v. Mazzoni, 45 S. W. 88, 19 Ky. Law Rep. 2001; London v. Tebo, 246 Mass. 360, 141 N. E. 234, 29 A. L. R. 1037; Gluck v. Elkan, 36 Minn. 80, 30 N. W. 446; Alexander v. Hodges, 41 Mich. 691, 3 N. W. 187; Shepard v. Dye, 137 Wash. 180, 242 P. 381, 49 A. L. R. 824; Tony v. McClelland (Tex. Civ. App.) 283 S. W. 679; Poulos v. Toledo Labor Building Company, 22 Ohio App. 426, 154 N. E. 57.

It has been held that an acceptance of rent after an ejectment suit or other action to enforce the forfeiture has been brought and at a time when the lessor is unable legally to take actual possession of the premises is not a waiver. Cleve v. Mazzoni, supra; Underhill on Landlord and Tenant, vol. 1, sec. 404. However, it is unnecessary to discuss the soundness or the applicability of that rule in this case, since the pleadings fail to show that any rent, accruing after the forfeiture, was accepted after the forfeiture was declared and it is a generally recognized rule that the payment of rent which has accrued before the forfeiture is not a waiver. Underhill on Landlord and Tenant, vol. 1, sec. 404; Tiffany on Landlord and Tenant, vol. 2, sec. 194; Schultz v. Cardwell, 142 Wash. 489, 253 P. 822; City Garage & Sales Company v. Ballenger, 214 Ala. 516, 108 So. 257.

It follows that the pleadings are sufficient to support the judgment, and it is affirmed.