## WILLIAMS v. BEHREND.
### No. 541.

Municipal Court of Appeals for the
District of Columbia.

Oct. 8, 1947.

Rehearing Denied Oct. 17, 1947.

Thurman L. Dodson, of Washington, D. C., for appellant.

Herman Miller, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Appellee is the owner of improved real estate at the southwest corner of 7th and T Streets, Northwest, and extending for two additional lots west on T Street and for three or more additional lots south on 7th Street. In the rear of these premises is a so-called parking lot. Appellant is the tenant of the second and third floors of the premises at 700, 702 and 704 T Street and of the parking lot. Under the lease assumed by him and a supplemental agreement, he covenanted to keep the parking lot "in a clean condition." After appellee as owner had been prosecuted in court on at least two occasions and was facing another prosecution for violation of various health regulations, including permitting trash to accumulate on parts of the parking lot, he brought this suit for recovery of possession of the premises occupied by appellant on the ground that appellant had violated his covenant to keep the parking lot in a clean condition. A jury returned

a verdict for possession in favor of the landlord, and the tenant has brought this appeal.

By the jury's verdict there were resolved against the tenant two of his principal contentions: that he had kept the parking lot reasonably clean and that at least one of the conditions complained of, the presence of ashes on the parking lot, had been caused by an employee of the landlord. The tenant's chief remaining contention is that the violation of the covenant to keep the lot clean was waived by the continued acceptance of rent by the landlord.

Assuming that earlier violations of the covenant had been waived by the continued acceptance of rent, the issue here is whether there was a further waiver by the acceptance by the landlord on April 16, 1947, of a month's rent for the period beginning April 12 and ending May 13. This rent check, which was due April 12, covered past due rent for the few days between April 12 and April 16 and rent in advance to May 13. Inspectors from the District of Columbia Health Department visited the premises April 2nd, 16th, 22nd and 23rd and testified to the continued unclean condition on those dates. This suit was filed April 24 and was tried May 16.

 The tenant contends that the breaches of covenant complained of were each separate in character and that the acceptance of rent by the landlord on April 16 waived all previous breaches of the covenant. It is well established, however, that a breach of this sort is a continuing one and that while the acceptance of rent from month to month is effectual as a waiver for past breaches, such acceptance does not relieve the tenant from the duty of performance in the future. Here the lease contained the usual clause that one waiver of a breach would not constitute a waiver of future breaches. In such cases whether there was a waiver must be determined as of the date when the action was commenced.[1] Therefore, even if the landlord by accepting rent partially in advance on April 16 waived all breaches of the covenant up to that date, there was evidence that the tenant violated or continued to violate the covenant after that date and that such violations were called to his attention. It results, therefore, that there was no waiver such as to estop this landlord from bringing his suit on April 24 to terminate the tenancy.[2] Were the law otherwise a tenant, once his landlord had accepted a month's rent in advance, could proceed to violate the covenant with impunity during the remainder of the rent period. The principle of waiver, which is based on estoppel, recognizes no such plain injustice.

 The tenant also urges that while the lease he assumed mentioned the parking lot in the rear of both the 7th Street houses and the T Street addresses, the last agreement, which he also signed, mentioned only the lot in the rear of the T Street premises and that most of the violations occurred in the rear of the 7th Street houses. The evidence was undisputed, however, that only one parking lot was involved, and that it was situated in the rear of both the 7th Street and T Street houses. The tenant also complains that there was admitted in evidence testimony regarding past violations of the covenant, which he claimed had been waived by the subsequent acceptance of rent by the landlord. It is fundamental, however, that where continuing breaches of covenants of this nature are involved, such evidence is admissible to show that the violations are not merely isolated acts of carelessness but represent a continuous course of conduct.

We have examined other assignments of error and find them without merit.

Affirmed.

---

[1] Merritt v. Kay, 54 App.D.C. 152, 295 F. 973.

[2] Towle v. Pullen, 7 Cir., 238 F. 107; Lindeke v. Associates Realty Co., 8 Cir., 146 F. 630, 639; Gluck v. Elkan, 36 Minn. 80, 30 N.W. 446; Alexander v. Hodges, 41 Mich. 691, 3 N.W. 187; Shepard v. Dye, 137 Wash. 180, 242 P. 381, 384, 49 A.L.R. 824; Jones, Landlord and Tenant, § 500; see Klein v. Longo, D.C. Mun.App., 34 A.2d 359.